**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| Trustees for the IBEW, LOCAL NO. 1, HEALTH AND WELFARE FUND; Trustees for the LOCAL NO. 1, IBEW PENSION BENEFIT TRUST FUND; Trustees for the IBEW VACATION FUND; Trustees for the IBEW, LOCAL NO. 1, APPRENTICESHIP AND TRAINING FUND; Trustees for the IBEW-NECA HOLIDAY TRUST FUND; Trustees for the ELECTRICIANS' INCOME SECURITY FUND; Trustees for the NECA-IBEW MARKET RESEARCH, DEVELOPMENT AND PUBLIC RELATIONS FUND; and LOCAL 1INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO; and the Trustees for the NATIONAL ELECTRICALBENEFIT FUND, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:16 - 1474 ) |
| KAEMMERLEN PARTS & SERVICE, INC., | ) ) |
| Defendant, | ) ) |
| Serve:  Ira M. Potter<br>          Registered Agent<br>          1610 Des Peres Rd., Ste. 100<br>          St. Louis, MO 63131 | ) ) ) ) |

## COMPLAINT

## PARTIES

1.      As set forth more fully below, Plaintiffs are trustees of various employee welfare,

pension, and other benefit plans and funds.

2.      Plaintiff Local 1, International Brotherhood of Electrical Workers AFL-CIO,

(herein "Local 1") is a voluntary unincorporated association with its principal office in St. Louis,

1

Missouri.  Local 1 exists for the purpose of dealing with employee grievances, labor disputes, wages, rates of pay, hours of employment, terms or conditions of employment, and for other purposes.  It is a labor organization in an industry affecting commerce within the meaning of the National Labor Relations Act (NLRA), 29 U.S.C. § 152(5) and the Labor Management Relations Act (LMRA), 29 U.S.C. § 185.

3.      Defendant Kaemmerlen Parts & Service, Inc. is a corporation duly organized and existing under the laws of the State of Missouri.

4.      At all times relevant to this action, Defendant has been engaged in the electrical construction business with a principal business address of 1539 South Kingshighway, St. Louis, MO 63110.

5.      Defendant is an employer within the meaning of the LMRA, as amended, 29 U.S.C. § 185 and within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## JURISDICTION AND VENUE

6.      This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA) of 1974, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, as amended, 29 U.S.C. § 185, each of which provide that Federal District Courts have jurisdiction over suits thereunder.

7.      Venue is proper in this Court in that an action brought by Trust Fund fiduciaries may be brought in a District where the breach took place, where a defendant resides or may be found, or where the plan is administered.  *See* Section 502(e)(2) of ERISA, 29 U.S.C. § 1132. Defendant resides in this District.  Venue is also proper in this Court under 28 U.S.C. § 1391(b) in that a substantial part of events or omissions giving rise to this claim occurred in this district.

## FACTS COMMON TO ALL COUNTS

8.      During all times material herein, Defendant has been signatory to collective bargaining agreements (the "Labor Agreements") with Local 1 as the collective bargaining representative of Defendant's employees.

9.      At all times material herein, Defendant has been obligated by the provisions of the Labor Agreements to file reports and pay monthly contributions to the Funds at the rates set forth in the Labor Agreements for the benefit of eligible bargaining unit employees and/or individuals.

10.     At all times material herein, Defendant has been bound by the Agreements and Declarations of Trust of the Funds, which are incorporated into the Labor Agreements by reference.

11.     At all times material herein, Defendant has employed bargaining unit employees and/or individuals on whose behalf it has been required to pay contributions.

12.     Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) and the Labor Agreements and the Agreements and Declarations of Trust incorporated therein, Defendant is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest **or** double interest on late paid and unpaid contributions owed to the employee benefit trust funds.

13.     Unless stated otherwise in this Complaint, the Trustees of the Plaintiff Funds have duly established liquidated damages and interest to be applied to any contribution that is not paid when due.

14.     Under Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D) and the Trust Agreements incorporated into the Labor Agreements, Defendant is obligated to pay attorneys' fees and costs incurred by the Plaintiff Funds in collecting unpaid contributions.

## COUNT I - HEALTH AND WELFARE FUND CLAIMS

**COME NOW** Plaintiffs, the Trustees of the IBEW, Local No. 1, Health and Welfare Fund (herein "Health and Welfare Fund"), and for their cause of action state:

15.     Plaintiffs reallege and incorporate as part of Count I, paragraphs 1-14 as if fully set forth herein.

16.     The Health and Welfare Fund is a covered "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and is administered in St. Louis, Missouri.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

17.     Frank Jacobs, James Douglas, Robert Dussold, Douglas Martin, Eric Aschinger, and David Gralike are Trustees of the Health and Welfare Fund and control and manage the operation and administration of the Health and Welfare Fund.  The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

18.     For the months of April 2016 to the present, Defendant filed reports but failed to pay the reported contributions due to the Welfare Fund for hours worked by its bargaining unit employees as required by the Labor Agreements.

19.     Defendant's failure to pay contributions is a continuing violation of the Labor Agreements and ERISA.

**WHEREFORE**, the Trustees of the Health and Welfare Fund pray for an order and judgment against Defendant for:

A.     Payment of all unpaid and delinquent contributions owed by Defendant to the Health and Welfare Fund for the period from April 2016 to the present, and

B.      Payment of interest and liquidated damages owed to the Health and Welfare Fund

on the unpaid and delinquent contributions due for the period from April 2016 to the present; and

C.      Payment of Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting

this matter; and

D.      For such further relief as the Court deems just, equitable and appropriate.

**COUNT II - PENSION FUND CLAIMS**

**COME NOW** Plaintiffs, the Trustees of the Local No. 1, IBEW, Pension Benefit Trust

Fund (herein "Pension Fund"), and for their cause of action state:

20.      Plaintiffs reallege and incorporate as part of Count II, paragraphs 1-14 as if fully

set forth herein.

21.      The Pension Fund is a covered "employee pension benefit plan" as defined in

Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and is administered in St. Louis, Missouri.  It is a

multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

22.      Tim Chettle, Frank Jacobs, Timothy Green, Douglas Martin, Robert Dussold, and

Marion Hayes are Trustees of the Pension Fund and control and manage the operation and

administration of the Pension Fund.  The Trustees are "fiduciaries" as defined in Section

3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to

Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

23.      For the months of April 2016 to the present, Defendant filed reports but failed to

pay the reported contributions due to the Pension Fund for hours worked by its bargaining unit

employees as required by the Labor Agreements.

24.      Defendant's failure to pay contributions is a continuing violation of the Labor

Agreements and ERISA.

5

**WHEREFORE**, the Trustees of the Pension Fund pray for an order and judgment against Defendant for:

A.      Payment of all unpaid and delinquent contributions owed by Defendant to the Pension Fund for the period from April 2016 to the present, and

B.      Payment of interest and liquidated damages owed to the Pension Fund on the unpaid and delinquent contributions due for the period from April 2016 to the present; and

C.      Payment of Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

D.      For such further relief as the Court deems just, equitable and appropriate.

## COUNT III - VACATION FUND CLAIMS

**COME NOW** Plaintiffs, the Trustees of the IBEW Vacation Fund (herein "Vacation Fund"), and for their cause of action state:

25.      Plaintiffs reallege and incorporate as part of Count III, paragraphs 1-14 as if fully set forth herein.

26.      The Vacation Fund is an "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. §§ 1002(1), 1003(a) and is administered in St. Louis, Missouri.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

27.      Frank Jacobs, Steven Muehling, Thomas George, Sr., Douglas Martin, Tim Chettle, and Robert Senf are Trustees of the Vacation Fund and control and manage the operation and administration of the Vacation Fund.  The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

28.     For the months of April 2016 to the present, Defendant filed reports but failed to pay the reported contributions due to the Vacation Fund for hours worked by its bargaining unit employees as required by the Labor Agreements.

29.     Defendant's failure to pay contributions is a continuing violation of the Labor Agreements and ERISA.

**WHEREFORE**, the Trustees of the Vacation Fund pray for an order and judgment against Defendant for:

A.     Payment of all unpaid and delinquent contributions owed by Defendant to the Vacation Fund for the period from April 2016 to the present, and

B.     Payment of interest and liquidated damages owed to the Vacation Fund on the unpaid and delinquent contributions due for the period from April 2016 to the present, and

C.     Payment of Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

D.     For such further relief as the Court deems just, equitable and appropriate.

## COUNT IV - APPRENTICESHIP FUND CLAIMS

**COME NOW** Plaintiffs, the Trustees of the IBEW, Local No. 1, Apprenticeship and Training Fund (herein "Apprenticeship Fund"), and for their cause of action state:

30.     Plaintiffs reallege and incorporate as part of Count IV, paragraphs 1-14 as if fully set forth herein.

31.     The Apprenticeship Fund is a covered "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and is administered in St. Louis, Missouri.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

7

32.     Frank Jacobs, Thomas George, Sr., Steve Muehling, Robert Senf, Douglas Martin, and Robert Kaemmerlen, Jr. are Trustees of the Apprenticeship Fund and control and manage the operation and administration of the Apprenticeship Fund.   The Trustees are "fiduciaries" as defined in Sections 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

33.     For the months of April 2016 to the present, Defendant filed reports but failed to pay the reported contributions due to the Apprenticeship Fund for hours worked by its bargaining unit employees as required by the Labor Agreements.

34.     Defendant's failure to pay contributions is a continuing violation of the Labor Agreements and ERISA.

**WHEREFORE**, the Trustees of the Apprenticeship Fund pray for an order and judgment against Defendant for:

A.     Payment of all unpaid and delinquent contributions owed by Defendant to the Apprenticeship Fund for the period from April 2016 to the present, and

B.     Payment of interest and liquidated damages owed to the Apprenticeship Fund on the unpaid and delinquent contributions due for the period from April 2016 to the present, and

C.     Payment of Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

D.     For such further relief as the Court deems just, equitable and appropriate.

### COUNT V - HOLIDAY FUND CLAIMS

**COME NOW** Plaintiffs, the Trustees of the IBEW-NECA Holiday Fund (herein "Holiday Fund"), and for their cause of action state:

35.     Plaintiffs reallege and incorporate as part of Count V, paragraphs 1-14 as if fully set forth herein.

36.     The Holiday Fund is a covered "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and is administered in St. Louis, Missouri.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

37.     Frank Jacobs, Thomas George, Sr., Kenneth Landwehr, Douglas Martin, Robert Senf, and Tim Chettle are Trustees of the Holiday Fund and control and manage the operation and administration of the Holiday Fund.  The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

38.     For the months of April 2016 to the present, Defendant filed reports but failed to pay the reported contributions due to the Holiday Fund for hours worked by its bargaining unit employees as required by the Labor Agreements.

39.     Defendant's failure to pay contributions is a continuing violation of the Labor Agreements and ERISA.

**WHEREFORE**, the Trustees of the Holiday Fund pray for an order and judgment against Defendant for:

A.      Payment of the unpaid and delinquent contributions owed by Defendant to the Holiday Fund for the period from April 2016 to the present: and

B.      Payment of interest and liquidated damages owed to the Holiday Fund on the unpaid contributions due for the period from April 2016 to the present; and

D.      Payment of Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

E.       For such further relief as the Court deems just, equitable and appropriate.

## COUNT VI - INCOME SECURITY FUND CLAIMS

**COME NOW** Plaintiffs, the Trustees of the Electricians' Income Security Fund (herein "Income Security Fund"), and for their cause of action state:

40.       Plaintiffs reallege and incorporate as part of Count VI, paragraphs 1-14 as if fully set forth herein.

41.       The Income Security Fund is a covered "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and is administered in St. Louis, Missouri.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

42.       Frank Jacobs, David Stanley, Thomas George, Sr., Douglas Martin, Brian Kohnen, and Matt Doell are Trustees of the Income Security Fund and control and manage the operation and administration of the Income Security Fund.  The Trustees are "fiduciaries" as defined in Sections 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

43.       For the months of April 2016 to the present, Defendant filed reports but failed to pay the reported contributions due to the Income Security Fund for hours worked by its bargaining unit employees as required by the Labor Agreements.

44.       Defendant's failure to pay contributions is a continuing violation of the Labor Agreements and ERISA.

**WHEREFORE**, the Trustees of the Income Security Fund pray for an order and judgment against Defendant for:

A.      Payment of all unpaid and delinquent contributions owed by Defendant to the Income Security Fund for the period from April 2016 to the present; and

B.      Payment of interest and liquidated damages owed to the Income Security Fund on the unpaid and delinquent contributions due for the period from April 2016 to the present; and

C.      Payment of Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

D.      For such further relief as the Court deems just, equitable and appropriate.

## COUNT VII - MARKET RESEARCH FUND CLAIMS

**COME NOW** Plaintiffs, the Trustees of the NECA-IBEW Market Research, Development and Public Relations Fund (herein "Market Research Fund"), and for their cause of action state:

45.      Plaintiffs reallege and incorporate as part of Count VII, paragraphs 1-5 and 8-11 and 14 of as if fully set forth herein.

46.      The Market Research Fund's claim is for breach of contract and arises under Section 301 of the LMRA, as amended, 29 U.S.C. § 185.

47.      Venue is proper in this Court under 28 U.S.C. § 1391(b) in that a substantial part of events or omissions giving rise to this claim occurred in this District.

48.      The Market Research Fund is an industry research fund under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9), and a Missouri Corporation with its offices at 5735 Elizabeth Avenue, St. Louis, Missouri 63110.

49.      Frank Jacobs, Dave Roth, Timothy Murray, Douglas Martin, Dennis Hornberger, and Daniel G. Schaeffer are Trustees of the Market Research Fund and control and manage the operation and administration of the Market Research Fund.  The Trustees are "fiduciaries" as

11

defined in Sections 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

50.     For the months of April 2016 to the present, Defendant filed reports but failed to pay the reported contributions due to the Market Research Fund for hours worked by its bargaining unit employees as required by the Labor Agreements.

51.     Defendant's failure to file reports and to pay contributions is a breach of the Labor Agreements.  Defendant is liable to the Plaintiff, who is a third-party beneficiary of the Labor Agreements, for its breach under Section 301 of the LMRA, 29 U.S.C. § 185.

**WHEREFORE**, the Trustees of the Market Research Fund pray for an order and judgment against Defendant providing for:

A.     Payment of the unpaid and delinquent contributions owed by Defendant to the Market Research Fund for the period from April 2016 to the present; and

B.     Payment of Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

C.     For such further relief as the Court deems just, equitable and appropriate.

### COUNT VIII - NATIONAL ELECTRICAL BENEFIT FUND CLAIMS

**COME NOW** Plaintiffs, the Trustees of the National Electrical Benefit Fund (herein "NEBF"), and for their cause of action state:

52.     Plaintiffs reallege and incorporate as part of Count VIII, paragraphs 1-14 as if fully set forth herein.

53.     The NEBF is a covered "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2).  Contributions and reports are sent to NECA in St. Louis,

Missouri and the fund is administered in Rockville, Maryland.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

54.     John Grau, Dennis Quebe, and Salvatore Chilia are Trustees of the NEBF.  The Trustees are "fiduciaries" as defined in Sections 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

55.     For various months from March 2016 through the present, Defendant filed reports but failed to pay all of the contributions due to the NEBF for hours worked by Defendant's bargaining unit employees and eligible individuals as required by the Labor Agreements.

56.     Defendant's failure to pay contributions is a continuing violation of the Labor Agreements and ERISA.

57.     For various months from March 2016 through the present, Defendant filed reports but failed to timely pay all of the contributions due to the NEBF for hours worked by Defendant's bargaining unit employees and eligible individuals as required by the Labor Agreements.

58.     Defendant's failure to timely file reports and pay contributions is a violation of the Labor Agreements and ERISA.

**WHEREFORE**, the Trustees of the NEBF pray for an order and judgment against Defendant for:

A.     Payment of all unpaid and delinquent contributions owed by Defendant to the NEBF for the period from March 2016 through the present; and

B.      Payment of interest and liquidated damages owed to the NEBF on the late paid

and the unpaid and delinquent contributions for the period from March 2016 through the present;

and

C.      Payment of Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting

this matter; and

D.      For such further relief as the Court deems just, equitable and appropriate.

COUNT IX– BREACH OF CONTRACT

**COME NOW** Plaintiffs, IBEW Local No. 1 Health and Welfare Fund, the Local No. 1

IBEW Pension Benefit Trust Fund, the IBEW Vacation Fund, the IBEW Local No. 1

Apprenticeship and Training Fund, the IBEW-NECA Holiday Trust Fund, the Electricians'

Income Security Fund, the NECA-IBEW Market Research, Development and Public Relations

Fund, Local 1, International Brotherhood of Electrical Workers AFL-CIO, and the National

Electrical Benefit Fund (the "Funds"), and state as follows:

59.      Plaintiffs re-allege and incorporate as part of Count IX, paragraphs 1 – 58 as if set

out here in full.

60.      This cause of action is for breach of contract between Plaintiffs and Defendant for

payment of unpaid employee benefit contributions, interest, liquidated damages, costs and

attorneys' fees due under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and

Section 301 of the LMRA, as amended, 29 U.S.C. § 185.

61.      This Court has exclusive and preemptive jurisdiction to adjudicate the Local

Funds' rights to amounts arising and due under ERISA and the LMRA, which are laws of the

United States.

62.     On June 9, 2015, Defendant, via Kurt Kaemmerlen, its President and duly authorized representative, entered into a Payment Agreement with the Funds providing for the payment of unpaid employee benefit contributions for various months from January 2013 through March 2015, interest and liquidated damages on those unpaid employee benefit contributions, and interest and liquidated damages on late paid contributions for the months of December 2014 and February 2015.  A full and accurate copy of the signed Payment Agreement is attached hereto as Exhibit 1.

63.     By entering into the Payment Agreement, Defendant expressly acknowledged that it owed the Funds $109,686.54 in unpaid employee benefit contributions for various months from January 2013 through March 2015 and that its failure to pay these contributions was a violation of the Labor Agreement and ERISA.  Defendant also acknowledged that it owed $19,105.51 in interest and liquidated damages and that it was obligated to pay interest and liquidated damages on the unpaid contributions as well as attorneys' fees and costs.

64.     Pursuant to the terms of the Payment Agreement, Defendant agreed to pay the $109,686.54 in unpaid contributions and $9,552.76 of the $19,105.51 in interest and liquidated damages, for a total of $119,239.30 in monthly installments.  The Funds agreed that, as long as Defendant complied with all of obligations under the Payment Agreement, the Funds would not seek collection of the remaining $9,552.76 in additional accrued interest and liquidated damages or any interest or liquidated damages that accrue after May 11, 2015 and would not seek collection of attorneys' fees incurred in collection.

65.     Defendant has failed to pay monthly installments from June 2016 to the present and has failed to keep current by not paying monthly contributions from April 2016 to the present as required by the Payment Agreement.

66.     Defendant's failure to pay the monthly installments due under the Payment Agreement and failure to keep current is a breach of the Payment Agreement and constitutes default.  This breach is a violation of Section 515 of ERISA and Section 301 of the LMRA.

67.     Under the Payment Agreement, Defendant agreed that, if it defaulted, then the full amount of contributions, interest, and liquidated damages owed to the Funds under the Payment Agreement, minus any payments received from or on behalf of the Employer, would become immediately due and owing, as well as any additional interest and liquidated damages which would have otherwise accrued on the unpaid contributions and attorneys' fees incurred. Defendant agreed that the Funds could file suit immediately, and that Defendant would not contest liability, that a copy of the Payment Agreement would constitute conclusive proof of amounts due, and that it would be responsible for any attorneys' fees and costs incurred in enforcing the terms of the Payment Agreement.

68.     The remaining balance due under the Payment Agreement is $41,239.30.  The Funds have exercised their right to accelerate this balance due under the Agreement, and Defendant must immediately pay this amount plus interest, liquidated damages, attorneys' fees and costs, which continue to accrue.

**WHEREFORE**, the Funds pray for an order and judgment against Defendant:

A.      For payment of $41,239.30 in unmade payments due under the Payment Agreement; and

B.      For payment of interest and liquidated damages, per ERISA, on the remaining unpaid contributions that would have otherwise continued to accrue; and

C.      For reasonable attorneys' fees and costs; and

D.      For such further relief as the Court deems just, equitable and appropriate.

Respectfully submitted,

SCHUCHAT, COOK & WERNER


*/s/ Amanda K. Hansen*
Amanda K. Hansen (64889EDMO)
Matthew B. Leppert (52815EDMO)
1221 Locust Street, Second Floor
St. Louis, MO  63103
(314) 621-2626
FAX: (314) 621-2378
akh@schuchatcw.com
mbl@schuchatcw.com

664730.docs